**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HANNEFORD CIRCUS, INC.,**

        **Plaintiff,**

-vs-                                                        Case No. 6:12-cv-806-Orl-22DAB

**LIBERTY MUTUAL INSURANCE
COMPANY,**

        **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S MOTION TO TRANSFER VENUE (Doc. No. 10)**
>
> **FILED:** **June 15, 2012**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**Background**

This is an action for declaratory judgment under Chapter 86, Florida Statutes, brought by an insured against its insurer. According to the motion, Plaintiff, Hanneford Circus, Inc., filed a Complaint and an Amended Complaint in state court, but did not serve either pleading on Defendant, Liberty Mutual Insurance Company ("Liberty"). On May 1, 2012, Plaintiff filed its Second Amended Complaint (the "Complaint"), effected service on May 4, 2012, and Liberty removed the action on the basis of diversity jurisdiction (Doc. 1).

As set forth in the Complaint, Plaintiff is a Georgia corporation, authorized to conduct business in Florida, and Defendant is a foreign corporation, with "offices in and regularly conducts

business in the State of Florida" (Doc. 2, ¶¶ 2, 5). Plaintiff operates a circus with fixed locations and temporary locations in many states. (*Id.* ¶9). Defendant, an insurer, issued to Plaintiff certain Worker's Compensation Insurance Policies ("the Policies") (*Id.* ¶7). In addition to its employees, Plaintiff contracts with many "independent contractors referred to as Circus Acts." *Id.* Plaintiff also contracts with vendors to sell concessions and souvenirs. *Id.* Plaintiff alleges that the circus acts and vendors are independent contractors and not subject to workers compensation benefits under the Policies for purposes of computing premiums and seeks a declaration of same.

Following an extension of time, Defendant answered the Complaint (Doc. 9). Among its allegations, Defendant admits that it is licensed to do business in Florida and maintains offices in Orange County, Florida, but denies that the Policies are Florida contracts or that they cover any Florida employees (*Id.* at ¶3). Defendant affirmatively alleges that "the Complaint has been filed in Florida when a more convenient forum exists in Georgia, specifically the United States District Court for the Middle District of Georgia." (*Id*. at p. 5). Toward that end, Defendant filed the instant motion which was referred to the undersigned on August 30, 2012 (Doc. 21). Plaintiff has filed a response brief (Doc. 14), and leave was given for the filing of a reply (Doc. 15-16, 20). For the following reasons, the motion is **denied.**

### Legal Standard

Under 28 U.S.C. § 1404(a), a federal district court sitting in diversity may, "[f]or the convenience of the parties and witnesses, in the interest of justice, [ ] transfer any civil action to any other district or division where it might have been brought." The standard for transfer under section 1404(a) gives broad discretion to the trial court. *See Brown v. Connecticut Gen. Life Ins. Co.,* 934 F.2d 1193, 1197 (11th Cir.1991). Section 1404(a) "is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of

convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted).

In determining whether to transfer a case, the Court considers:

(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Watson v. Community Education Centers. Inc.,* No. 2:10-cv-778-36SPC, 2011 WL 3516150 (M.D. Fla. 2011); *Stateline Power Corp. v. Kremer,* 404 F.Supp.2d 1373 (S.D. Fla. 2005). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Sure Fill & Seal, Inc. v. Platinum Packaging Group, Inc.*, No. 8:10-cv-316-T-17TBM, 2010 WL 4342117, at *2 (M.D. Fla. 2010).

In evaluating the factors, the Eleventh Circuit has recognized that considerable deference should be given to Plaintiff's choice of forum. *See Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996) (holding that plaintiff's choice of forum should not be disturbed unless it is "clearly outweighed" by other considerations); *Perlman v. Delisfort-Theodule ,* 451 Fed.Appx. 846, 848 (11th Cir. 2012) (*accord*); *S.E.C. v. Lauer*, No. 09-15138, 2012 WL 1352930, *2 -3 (11th Cir. 2012) (noting that "a transfer that would only shift inconvenience from the defendant to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes." ).[1]

**Analysis**

*Venue is also appropriate in Georgia*

---

[1] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6.

Initially, 28 U.S.C. § 1404(a) requires that the Court determine whether the action could have been brought in the forum to which transfer is sought—here, the Middle District of Georgia. Although Plaintiff avers that the circus does not currently have (nor has it ever maintained) an office in Georgia (Doc. 14-1), Plaintiff is a Georgia corporation, which performs a few shows in Georgia each year. As Defendant is also present and subject to jurisdiction in Georgia, and as Plaintiff does not dispute that the action could have been brought there, the Court finds this initial requirement to be met.

*The Convenience of the Witnesses does not favor transfer*

Defendant contends that this factor supports transfer in that:

> A number of the key witnesses for this Action will be Hanneford's disputed employees/independent contractors in Georgia[fn omitted], Iowa, Illinois, New Hampshire, and South Carolina. Additionally, Georgia borders South Carolina, one of the other states from which Hanneford's employees will need to be deposed. Further, any expert witnesses either party would call would likely come from Georgia, as the Polices are Georgia polices issued through the Georgia plan and are to be interpreted under Georgia law. Accordingly, Georgia is a more convenient [ ] than Florida.

(Doc. 10).

Plaintiff disputes many of these conclusions, asserting that during 2008-2010, none of the contracted acts resided in Georgia (Doc. 14-1), and "95 out of 155 different acts . . .reside in the State of Florida." (Doc. 14).[2] Plaintiff avers that its President, Gertrude Hanneford, also resides in Florida and, "[a]lthough the workers compensation insurance policies were issued through the Georgia Plan, the National Council on Compensation Insurance ("NCCI") administers the Georgia Plan from its office in the State of Florida" and "[t]o the extent that any of the NCCI employees will be witnesses, those witnesses also reside in the State of Florida." (Doc. 14).

---

[2]Plaintiff is determining residence by the IRS 1099 forms issued by the Circus to the circus acts for the years 2008, 2009, and 2010.

"Defendants moving for transfer have a heightened burden as they must prove with particularity the inconvenience caused by the plaintiff's choice of forum." *Mason v. Smithkline Beecham Clinical Laboratories,* 146 F.Supp.2d 1355, 1359 (S.D. Fla. 2001). Although Defendant alludes to the "key" Georgia witnesses as the disputed employees/independent contractors in Georgia, it fails to identify any by name, and Plaintiff has presented evidence that it has no Georgia resident acts. In its reply, Liberty argues that, as Plaintiff runs a traveling circus, these acts "would be no more inconvenienced by traveling from the state in which they are performing to Georgia than to Florida" and "it is likely that depositions could be scheduled when these individuals are in Georgia performing with the Hanneford Circus." (Doc. 20). The Court is not persuaded by this unsupported scenario. Indeed, due to the nature of the work, it is just as likely (if not more) that depositions would need to be scheduled for the off-season, when the performers could be located, served with process and deposed in their resident states. Similarly, the assertion that either party would retain an expert witness and such witness would "likely" come from Georgia is speculative, at best. As it appears that the vast majority of the circus acts reside in Florida and none reside in Georgia, the Court finds that this factor does not favor transfer.

### *The location of documents does not favor transfer or is neutral*

"This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc*., 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010). Although Defendant asserts that Plaintiff is "routinely" in Georgia and it "has been informed that Plaintiff travels with its documents," Plaintiff contends that all of its documents are in Florida. Regardless of the actual physical location of the documents, this factor is likely neutral, given the present state of technology. *See Microspherix LLC v. Biocompatibles, Inc*.,No. 9:11-cv-80813-KMM, 2012 WL 243764 at *3 (S.D. Fla. 2012) ("In a world with fax machines, copy machines, email, overnight

shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant.").

*Convenience of the Parties does not favor transfer*

Defendant is a citizen of Iowa with a principal place of business in Massachusetts, although it has a business presence in Florida and Georgia, among other states. As such, it does not appear that either state is more convenient for Defendant. Plaintiff, however, avers that its President resides in Florida, and its "principal place of business" is also in Florida (Doc. 14-1). Although Defendant disputes the assertion of Plaintiff's physical presence in Florida,[3] for present purposes, the Court finds no reason to question Plaintiff's sworn assertions. This factor does not support transfer.

*The Locus of Operative Facts favors transfer*

"[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Although Plaintiff contends that "all of the operative facts revolve around the independent contractor agreements with the Circus," the Court disagrees. Plaintiff has sued for a declaration of rights under the *Policies,* not the contract agreements it entered with others. As pointed out by Defendant, the Policies were issued pursuant to the Georgia Workers' Compensation Insurance Plan ("the Georgia Plan") to a Georgia insured, by LM Insurance Corporation, a wholly owned subsidiary of Liberty Mutual Group, Inc., which is an authorized servicing carrier in Georgia. While the contracts with others are likely to be evidence in any trial on this matter, the Court is being asked to construe the rights and obligations of the parties with respect

---

[3]In its 2012 annual report filed with the Florida Department of State, Plaintiff lists the address of its Florida accountant as its principal place of business (Doc. 10 - Aff. of Holtrup). Plaintiff explains that, due to the nature of its business as a traveling circus, it relies on its CPA to process the mail (Doc. 14). Plaintiff's principal avers that she live in Sarasota, Florida, during the off-season, and conducts circus business from there (Doc. 14-1). Although Liberty contends in its reply that Plaintiff's connection with Florida is "limited," and attaches numerous documents that purport to be audits conducted by Liberty and tax filings, the Court observes that the audit was conducted in Florida and Plaintiff consistently listed its Florida address in the correspondence and filings. *See, e.g.,* Doc. 21-1 at p. 6, 25, 33, 41, 42, Doc. 20-2 at p. 3.

-6-

to the Policies, and Georgia has a greater connection with the Policies than does Florida. This factor favors transfer.

*The Availability of Process does not favor transfer or is neutral*

The nature of Plaintiff's business makes it difficult to fairly evaluate this factor. While it appears that many, if not most, of the circus acts reside (for tax purposes anyway) in Florida, it does not appear that either state is likely to fully provide for process on all unwilling witnesses. Although Liberty contends that at least some of the witnesses will be in Georgia (presumably when the circus comes to town), service is far more likely in the state of residence, especially considering that the circus is transient in nature, and stays in town for only a few days. As such, this factor does not favor transfer (with respect to the Florida acts) or is, at best, neutral (as to the others).

*The Relative Means of the Parties does not favor transfer*

The parties agree, as does the Court, that Defendant's means exceed those of Plaintiff and this factor does not favor transfer.

*A Forum's Familiarity with the Governing Law favors transfer*

As noted by Liberty, the Policies provide that the workers compensation insurance applies to the laws of Georgia, Iowa, Illinois, New Hampshire, and South Carolina, and the Policies were procured in Georgia through the Georgia Plan. While both Districts are certainly capable of interpreting and applying the laws of other states, the Court accepts that the federal judges of Georgia have greater familiarity with the laws of Georgia. Although Plaintiff sued under Chapter 86 of Florida Statutes (which provides for a declaratory judgment action), even Plaintiff acknowledges that the substantive law to be applied in construing the Policies is not the law of Florida. This factor, therefore, favors transfer.

*Plaintiff's Choice of Forum does not favor transfer*

As noted above, Plaintiff's choice of a forum is given deference in this circuit. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996). Defendant contends that, as the Middle District of Georgia is "the center of gravity in this case," Plaintiff's choice should be given little or no weight, citing *Garay v. BRK. Elecs.*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991); *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985); and *Johnston v. Foster-Wheeler Constr. Inc.*, 158 F.R.D. 496, 505 (M.D. Ala. 1994). The Court is not persuaded.

*Garay* was a product liability suit in which, as here, Defendant sought transfer to Georgia. Defendant cites *Garay* for the proposition that: "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration," 755 F. Supp. 1010 at 1011, citing *Windmere, supra.* The *Garay* court, however, *denied* the motion to transfer, even though the home in which the allegedly defective smoke alarm was used was in Georgia, more witnesses as to the investigation of the fire lived in Georgia, and Georgia wrongful death law applied. *Id.* at 1012.

*Johnston v. Foster-Wheeler Constr. Inc.*, 158 F.R.D. 496 (M.D. Ala. 1994), also cited by Defendant, is similarly unpersuasive. In that case, a former Florida employee of a Delaware corporation sued his employer in Alabama, alleging that claimant was wrongfully terminated in retaliation for claiming Florida workmen's compensation benefits. In evaluating the transfer factors, the *Johnston* court noted that the lawsuit "stems entirely from activity which took place outside of Alabama" and "Alabama has absolutely no connection to this case except that the Plaintiff lives here." *Id.* at 505. Thus, not surprisingly, the court transferred the case to Florida. *Id.* These facts, however, are not the facts of the case at bar.

The issue here is not one of tort, but of contract interpretation. Plaintiff, a Florida resident, seeks a declaration regarding the Policies, which are administered (according to Plaintiff) from an office in Florida. The majority of the non-party witnesses (the circus acts) reside in Florida, premium

-8-

payments were made from Florida bank accounts, and Defendant audited Plaintiff in Florida. While, as noted above, Georgia has a greater connection with the Policies than does Florida, this does not mean that Florida has no legitimate connection to the matter sufficient to disregard the deference normally given to a plaintiff choosing to litigate in its home forum. The Court finds this factor does not favor transfer.

*Trial Efficiency and the Interests of Justice do not favor transfer*

In considering this factor, "[c]ourts often consider such things as the relative interests of the two forum states in the litigation, relative hardship of the parties, and questions of judicial economy." *Suomen Colorize Oy v. DISH Network, LLC*, 801 F. Supp. 2d 1334, 1339 (M.D. Fla. July 8, 2011). As set forth above, both Florida and Georgia have an interest in the litigation. While the interest of Georgia may favor transfer, Florida's interest in accommodating its residents (Plaintiff and the numerous Florida non-party witnesses) is not *de minimis.*

In considering and weighing all of the factors, the Court cannot find that Defendant has established that transfer to Georgia, where none of the parties or witnesses reside, is more convenient.[4] The motion to transfer is therefore **denied.**

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[4]The Court notes that Defendant does not cite to or rely on any choice of venue provision favoring Georgia in the Policies.